UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN H. TURNTINE,

    Plaintiff,

v.                                          CASE NO. 3:03-cv-1055-J-25MCR

CITY OF JACKSONVILLE CODE
ENFORCEMENT DIVISION,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before this Court on Defendant's Motion to Dismiss Plaintiff's Fourth Amended Complaint (Dkt. 37) to which Plaintiff has not filed a response thereto. Upon consideration of the same, this Court finds as follows:

In the fourth amended complaint, Plaintiff maintained that he was discriminated against by Defendant's code enforcement division in violation of 42 U.S.C. § 1983. Defendant, according to Plaintiff, improperly ticketed three privately owned vehicles, harassed Plaintiff, and falsely caused Plaintiff to be arrested. (Dkt. 36).

Defendant maintains that "Plaintiff takes issue with decisions of various unidentified individuals. However, the Complaint is presented in such an ambiguous form that the Defendant cannot ascertain what exactly the claim is. Ultimately, the Defendant is prejudiced in proffering a proper defense." (Dkt. 37, pg. 2). Furthermore, Defendant presents what is known as a *Monell*-immunity defense.[1] Under *Monell*, there can be no respondeat superior theory of liability for section 1983 actions against municipalities, *Monell*, 436 U.S. at 691; "municipalities may be held liable

---

[1] *Monell v. Dep't of Social Serv. of N.Y.*, 436 U.S. 658 (1978).

under § 1983 only for acts for which the municipality itself is actually responsible, 'that is, acts which the municipality has officially sanctioned or ordered.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988)(citation omitted). Thus, a municipality may be held liable for constitutional torts when it can be shown that the tort was caused by the execution of an express municipal policy, or caused by a widespread municipal custom or practice that constitutes a "custom or usage" that has the force of law. *City of St. Louis*, 485 U.S. at 127 (1988)(citations omitted); *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

This Court notes that Defendant's arguments appear to be well taken. Therefore, this Court concludes that Defendant's motion is due to be granted.

Accordingly, it is **ORDERED**:

1. Defendant's Motion to Dismiss Plaintiff's Fourth Amended Complaint (Dkt. 37) is **GRANTED**.

2. The Clerk is **DIRECTED** to close this case.

**DONE AND ORDERED** in Chambers this __23__ day of ~~July~~ August, 2005.

HENRY LEE ADAMS, JR.
UNITED STATES DISTRICT JUDGE

Copies to: *Pro Se* Plaintiff; Counsel of Record